976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Stephen Wing-Ki POON, Defendant-Appellee
 No. 92-30010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided Sept. 24, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court found that a downward departure was justified by, inter alia, Poon's efforts at restitution and recovery of the fruits of the crime "to a degree substantially in excess," U.S.S.G. § 5K2.0, of that which typically justifies a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).
 
 
 3
 We conclude that the district court did not err in so ruling. "When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.... With [certain] exceptions, ... the Commission does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines, that could constitute grounds for departure in an unusual case." U.S.S.G., Guidelines Manual, Ch. 1, Pt. A, intro. 4(b) (Nov. 1991). See also id. at § 5K2.0, p.s.; United States v. Floyd, 945 F.2d 1096, 1098-99 (9th Cir.1991) (quoting United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc)).
 
 
 4
 The extent of departure, to a sentence of 12 months imprisonment from a pre-departure range of 21-27 months, was not unreasonable. It is the equivalent of a reduction in the offense level from sixteen to thirteen.
 
 
 5
 We need not address the government's other arguments. Even if we assume that the district court erred in other grounds of departure that it articulated, we are satisfied that they "did not affect the district court's selection of the sentence imposed." Williams v. United States, 112 S.Ct. 1112, 1121 (1992). The downward departure is adequately supported by the ground discussed above, and we are convinced that a remand would lead to no change in the sentence.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3